FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 13 2011
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

BERTHONY CADET JR., Doing Business
As ILLSKILLZ ENTERPRISE,

                        Plaintiff,

-against-

ADP,

                        Defendant.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

11-CV-3240 (SLT)

**TOWNES, United States District Judge.**

On July 5, 2011, pro se Plaintiff Berthony Cadet Jr. commenced this action, alleging that Defendant ADP has committed fraud, negligence, defamation, harassment, and personal injury in violation of state law. On September 1, 2011, he filed an amended complaint. (Docket No. 6 ("Am. Compl."). Cadet, who identifies himself in the case caption as "Doing Business As Illskillz Enterprise," claims diversity jurisdiction and seeks damages in the amount of $40 million plus punitive damages and other costs. On July 21, 2011, Magistrate Judge Lois Bloom granted Cadet's request to proceed in forma pauperis. For the reasons set forth below, however, the Court now dismisses the action for lack of subject-matter jurisdiction.

## BACKGROUND

While it is difficult to discern the exact nature of Cadet's claims, he appears to assert that ADP failed to carry out service agreements related to taxes and payroll processing in December 2010 and January 2011. Cadet claims that he and his company "suffered personal injury" having "accumulated debts after defendant failed to carry out their service obligation" and "by not being able to operate business activities accordingly and in a proficient and effective manner." (Am. Compl. at 3). Cadet asserts that he is "the sole proprietor/owner of Illskills Enterprise business," that he is a resident of New York, that his business is registered in New York, that ADP is

1

engaged in business in New York, and that ADP's address is One Penn Plaza in New York. (Am. Compl. at 1). Cadet also argues that he "has a legal right to bring this case in the Eastern district jurisdiction on the grounds that relief demanded exceeds $75,000." (Am. Compl. at 1).

## STANDARD OF REVIEW

As Cadet is proceeding pro se, his complaint is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe the pleadings liberally and "interpret them to raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

However, it is important to note that not every action has a home in federal court. Pursuant to Article III of the United States Constitution, "federal courts are courts of limited jurisdiction." Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 63 (2d Cir. 2009). In order for a federal court to exercise subject-matter jurisdiction, a plaintiff must either (1) put forth a claim "arising under the Constitution, laws or treaties of the United States," creating "federal question" jurisdiction under 28 U.S.C. § 1331; or (2) show that the action is between "citizens of different states" for an amount exceeding $75,000, creating "diversity jurisdiction" under 28 U.S.C. § 1332(a). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists," Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009), and it is well settled that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Natl. Comm. to Pres. Soc. Sec. & Medicare v. Philip Morris USA Inc., No. 09-2321-cv, 2010 WL 3933494, at *1 (2d Cir. Oct. 8, 2010) (summary order).

2

## DISCUSSION

Even allowing the pro se complaint a liberal reading, Cadet has not established a basis for federal subject-matter jurisdiction. Diversity of citizenship, the ground he asserts, requires "complete diversity between all plaintiffs and all defendants," Lincoln Prop. Co. v. Roche, 546 U.S. 81, 88 (2005), meaning that no plaintiff and no defendant are citizens of the same state. Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1998). In this case, Cadet has clarified in his amended complaint that all of the parties are located in New York. Accordingly, even if Cadet could show a "good faith" basis for the amount of relief he seeks, see Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996), he fails to establish the diversity requirement. His amended complaint is therefore dismissed for lack of subject-matter jurisdiction.

## CONCLUSION

For the reasons set forth above, the amended complaint is dismissed for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3), and the Clerk of Court is respectfully directed to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: September 12, 2011
Brooklyn, New York

3