UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BERTHONY CADET, JR.., doing business
as ILLSKILLZ ENTERPRISE,

                       Plaintiff,

        -against-

ADP, Inc.,

                       Defendant.
------------------------------------------------------------x

**MEMORANDUM & ORDER
ADOPTING
REPORT & RECOMMENDATION**

11-CV-3240 (SLT)

**TOWNES, United States District Judge.**

Presently before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Lois Bloom to dismiss this action for failure to comply with court orders. (Docket No. 87). Pro se plaintiff Berthony Cadet, Jr., ("Cadet") has filed objections and Defendant ADP ("ADP") has filed a response. For the reasons set forth below, the R&R is adopted.

I.     **BACKGROUND**

    A.     **Proceedings Before Judge Townes**

Cadet commenced this action against ADP on July 5, 2011, alleging fraud, negligence, defamation, harassment, and personal injury claims in violation of state law. (Docket No. 1). On September 1, 2011, Cadet filed an amended complaint alleging that he, his business, and ADP are residents of and do business in New York. (Docket No. 6 at 1). On September 7, 20011, the Court denied Cadet's application for an order to show cause, informing him that he "has failed to show that this Court has jurisdiction to hear this case." (Docket No. 9). On September 13, 2011, the Court issued a memorandum and order, dismissing the amended complaint for lack of subject matter jurisdiction because Cadet failed to show that diversity existed between the parties. (Docket No. 11). The Court thereafter denied Cadet's request for an order "reopening . . . Plaintiff's case . . . and granting an automatic judgment in favor of plaintiff Order to Show Cause

T.R.O. injunction." (Docket Nos. 14, 15). On appeal, the Second Circuit remanded the case and directed this Court to provide Cadet with "an opportunity to amend his complaint with respect to [ADT's] principal place of business." (Docket No. 20). The Court's order granting Cadet this opportunity was returned as "undeliverable" twice. (Docket Nos. 22, 23). On March 8, 2012, the Court attempted to communicate notice of the order to two email addresses that had appeared on Cadet's previous papers. On July 24, 2012, having received no response, the Court issued another order, warning that to avoid dismissal, Cadet "must file his second amended complaint" by August 20, 2012. (Docket No. 24).

On August 8, 2012, though his attached letter acknowledged the Court's orders, Cadet simply re-filed his first amended complaint. (Docket No. 25). He also filed a change of address. (Docket No. 26). Accordingly, on August 28, 2012, the Court ordered Cadet to show cause as to why his action should not be dismissed for lack of diversity between the parties. (Docket No. 27). On September 10, 2012, the Court reminded Cadet that he must address the diversity issue and attached the previous order to show cause. (Docket No. 29). On September 13, 2012, Cadet filed a motion that the Court construed as a proposed amendment to his complaint, which alleged that ADP is a citizen of New Jersey. (Docket No. 31). The jurisdictional defect apparently cured, a summons was issued to ADP and defense counsel filed a notice of appearance. (Docket No. 32).

On December 17, 2012, ADP filed a letter requesting a pre-motion conference in anticipation of moving for summary judgment. (Docket No. 38). The Court referred this request to Judge Bloom on February 28, 2013.

B.   **Proceedings Before Judge Bloom**

Judge Bloom scheduled an initial pretrial conference in this case for February 27, 2013, advising the parities "that they must contact each other before making any request for an adjournment" and any such request "must be received in writing at least forty-eight (48) hours before the scheduled conference." (Docket No. 41). On February 26, defense counsel filed a motion to adjourn the conference on Cadet's behalf, as Cadet had informed him by telephone

that he was incarcerated at Rikers Island "on criminal charges which he did not specify." (Docket No. 45 at 1). Judge Bloom granted the adjournment and scheduled the pretrial conference for March 13, 2013, by telephone. (Docket No. 46). Although Cadet initially refused to participate in the telephone conference, Judge Bloom explained that he "must participate in court-ordered conferences if he wants to pursue his case." (R&R at 2). Cadet finally agreed, the parties discussed various discovery issues, and the matter was adjourned for another telephone conference on March 29, 2013. (R&R at 2). On March 27, 2013, Cadet timely filed a request to adjourn the conference, informed the Court that he was no longer incarcerated, and confirmed his mailing address. (Docket No. 50). Judge Bloom adjourned the conference to April 10, 2013, and directed the parties to appear in person. (Docket No. 52).

Cadet failed to appear at the April 10, 2013, conference. (Docket No. 53). A letter request for an adjournment was received by the Clerk's Office later the same day. (Docket No. 55). Judge Bloom thereupon issued an order reiterating that Cadet must contact counsel and request an adjournment "at least two days before the scheduled conference," noting that Cadet "is clearly aware of how to obtain an adjournment as he requested an adjournment of the prior conference." (Docket No. 54 at 2). Judge Bloom permitted Cadet "a last chance to proceed in this matter," scheduling a conference for May 8, 2013, and warning that if Cadet "fails to timely appear . . . I shall recommend that this action should be dismissed." (Docket No. 54 at 2). Judge Bloom issued an order with a similar warning on April 17, 2013, which was sent to Cadet via first class mail and FedEx. (Docket No. 56). Notices received by the Court indicate that the FedEx mailing was "Refused by Recipient," (Docket No. 57), and that the first class mailing was returned as "No longer at this address."

Cadet appeared at the May 8, 2013, status conference. (Docket No. 60). Cadet stated that he failed to appear at the April 10, 2013, conference because he had requested an adjournment. (Docket No. 61 at 1). Judge Bloom explained that the Court did not receive his request until after the conference had taken place and warned Cadet that "he may not fail to appear for a conference

3

unless his request for an adjournment has been granted." (Docket No. 61 at 1). Cadet indicated that he understood he must comply with court orders and confirmed that the Court was using his correct mailing address, despite the fact that mail was returned as undeliverable. (Docket No. 61 at 1).

In response to Cadet's letter motion, dated July 22, 2013, Judge Bloom scheduled a conference for August 8, 2013, directing the parties to appear in person and warning that they must contact each other and the Court immediately to request any adjournment. (Docket No. 79). By letter dated August 7, 2013, defense counsel informed Judge Bloom that he had received an email from Cadet the previous morning, stating: "I have sent the court a letter rescheduling Aug 6 conference. I will not be able to make it. I am assuming that you will not be able to make it as we[]ll, considering that it's not a standard 14-21 days notice." (Docket No. 82 Ex. 1). In response, Judge Bloom issued an order indicating that the Court had received no request from Cadet for an adjournment and that the conference would proceed as scheduled. (Docket No. 83). Defense counsel served the order on Cadet by email and filed proof of service. (Docket No. 84).

Cadet nevertheless failed to appear at the August 8, 2013, conference. (Docket No. 86). As before, a letter from Cadet requesting an adjournment was received by the Clerk's Office that day, stating: "In the matter of a requested schedule[d] appearance for pre trial conference on August 6th, 2013.[1] Plaintiff would like to inform the court that, I would not be available for court appearance and is seeking a re-schedule. Considering that is not a standard 14-21 day notice I would assume defendant/attorney defendant would agree to a re-schedule of pre trial conference as well." (Docket No. 85).

On August 13, 2013, Judge Bloom issued an R&R recommending that Cadet's action be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Civil Rules of Civil Procedure. (Docket No. 87). In response, Cadet filed a letter opposing dismissal, asserting that Judge Bloom

---

[1] As in his email to defense counsel, Cadet refers to a conference date of August 6 rather than August 8 – a mistake of timing that does not inure to his benefit.

4

"scheduled a pre trial conference on the misunderstanding" because he had "retracted and expunged" his requests with regard to ADP's document production. (Docket No. 89). Cadet also separately filed a motion for a "pre-trial conference for jury trial award and to set above case matter for jury trial date on calendar." (Docket No. 90).

## II. STANDARD OF REVIEW

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). After performing this inquiry, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Where no objection has been filed, however, the district court "need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001). Moreover, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." Frankel v. City of N.Y., Nos. 06 Civ. 5450, 07 Civ. 3436 (LTS)(DFE), 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). In this case, out of an abundance of caution, the Court has conducted a de novo review to confirm that the sanction of dismissal is warranted here.

## III. DISCUSSION

Rule 16(f) provides that "if a party . . . fails to obey a scheduling or other pretrial order," the court "may issue any just orders including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." In turn, Rule 37(b)(2)(A)(v) authorizes dismissal of the action as a sanction. To determine whether

5

dismissal is appropriate, courts generally consider: "(1) the willfulness of the noncompliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) (per curiam). The fourth factor is in fact a requirement when a court is confronted with a pro se litigant. See Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal.").

In this case, the Court agrees with Judge Bloom that Cadet's noncompliance has been willful and without reasonable excuse. The record demonstrates not only that Cadet had ample notice for both of his missed appearances, but also that he understood the basic procedure for requesting adjournments and his obligation to attend court-ordered conferences. See Yadav v. Brookhaven Nat. Laboratory, 487 Fed. App'x 671, 672 (2d Cir. 2012) ("Although pro se litigants must be afforded a certain amount of latitude, they are still required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience."). Moreover, as Judge Bloom correctly observed, no lesser sanction exists to remedy Cadet's pattern of noncompliance. Striking Cadet's pleading or precluding him from presenting certain evidence at trial would be inappropriate given the procedural posture of the action, and monetary sanctions would be an empty gesture because Cadet is proceeding in forma pauperis. As to the duration of Cadet's noncompliance, while he may be excused for confusion about diversity jurisdiction at the outset of this litigation, he has nonetheless flouted simple court orders since at least April 2013. See Lyell Theater Corp. v. Loews Corp., 682 F.2d 37, 42-43 (2d Cir. 1982) ("[Dilatory] conduct may warrant dismissal after merely a matter of months."). Finally, there is no doubt Judge Bloom

amply warned Cadet that he must comply with court orders and, specifically, that dismissal would be a consequence of continued noncompliance. (See Docket Nos. 54, 56, 61, 83; R&R at 2).

The Court finds that dismissal is an appropriate sanction under these circumstances. Indeed, "special solicitude for the difficulties that a pro se plaintiff must face does not extend to the wilful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

## IV. CONCLUSION

For the reasons set forth above, Judge Bloom's Report and Recommendation (Docket No. 87) is adopted pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's objections are denied and his action is dismissed under Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. The Clerk of Court is respectfully directed to close the case. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**

/s/(SLT)

/SANDRA L. TOWNES
United States District Judge

Dated: November 12, 2013
Brooklyn, New York